UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HALL CA-NV, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:18-CV-0380-B |
| | § | |
| OLD REPUBLIC NATIONAL TITLE | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Old Republic National Title Insurance Company's (Old Republic) motion to dismiss. Doc. 8. For the reasons stated, the Court **GRANTS in part and DENIES in part** the motion.

### I.

### BACKGROUND[1]

This is a breach-of-contract case. In October 2014, Plaintiff Hall CA-NV, LLC (Hall) loaned nonparty New Cal-Neva Lodge, LLC (Cal-Neva) twenty-nine million dollars to make improvements to Cal Neva Lodge & Casino, a resort on the California-Nevada border. Doc. 1, Compl., ¶ 9. Hall secured the loan with a deed of trust recorded in California and a deed of trust recorded in Nevada. *Id.* ¶ 11.

Hall purchased two title insurance policies from Old Republic in connection with its loan and

---

[1] The Court draws its factual history from the parties' pleadings. Any contested fact is identified as the contention of a particular party.

deeds of trust. *Id.* ¶ 12. The policies provide coverage for title defects and defense of adverse claims against the title or the priority of the insured mortgage. *Id.* ¶ 15; *see also* Doc. 11, Pl.'s Resp., 3–4.

By February 2016, Hall became involved in bankruptcy litigation involving mechanic's lien claimants. Doc. 1, Compl., ¶¶ 23–28. Old Republic retained counsel to defend Hall in the adversary proceedings but refused to indemnify Hall. *Id.* ¶¶ 29–42.

In December 2017, Hall settled the adversary proceedings. *Id.* ¶ 65. Cal Neva Lodge & Casino sold for thirty-eight million dollars, which was split between Hall and the third-party claimants. *Id.* ¶ 66. In January 2018, Hall received $27,407,955 of the sale proceeds, which it says is about six million dollars less than it should have received. *Id.* ¶¶ 66–67. Hall asserts that Old Republic breached the policies by failing to indemnify Hall against its six-million-dollar loss. *Id.* ¶ 69.

In February 2018, Hall brought this lawsuit against Old Republic, asserting claims for breach of contract, violations of Chapters 541 and 542 of the Texas Insurance Code, and breach of the duty of good faith and fair dealing. *Id.* ¶¶ 70–93. Old Republic moved to dismiss Hall's Texas-Insurance-Code claims. Doc. 9, Def.'s Br., 1. Old Republic's motion in now ripe for consideration.

## II.

## LEGAL STANDARD

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) authorizes the court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). The court will "not look beyond the face

of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* When well-pleaded facts fail to achieve this plausibility standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks and alterations omitted).

## III.

## ANALYSIS

Old Republic seeks dismissal of Hall's Texas-Insurance-Code claims because Texas law does not apply to this case. Doc. 9, Def.'s Br., 5–7. But even if Texas law applies, Old Republic asks the Court to dismiss Hall's claim under Texas Insurance Code § 542 because § 542 does not apply to title insurance. *Id.* at 9. Hall asserts Texas law applies because Old Republic failed to show that Texas law conflicts with either California or Nevada law. Doc. 11, Pl.'s Resp., 11. And Hall argues that its claim under Texas Insurance Code § 542 should stand because the duty to defend Hall from third-party claims is distinct from Old Republic's title-insurance obligations. *Id.* at 14–17. Old Republic contends in its reply that a sufficient conflict of laws exists because California and Nevada

have not adopted the Texas Insurance Code. Doc. 13, Def.'s Reply, 5. And Old Republic says that California law conflicts with Texas law because California's insurance code does not contain a private right of action for insurance disputes, and that Nevada's law conflicts with Texas's because Nevada requires administrative exhaustion for those seeking to enforce its insurance code. *Id.*

A. *Conflict of Laws*

Old Republic seeks dismissal of Hall's Texas-Insurance-Code claims because California and Nevada law, not Texas law, apply to this case. Doc. 9, Def.'s Br., 5–7. It relies on the parties' choice-of-law provision in the policies and the most-significant-relationship test in support. *Id.* at 4–9. But as Hall points out in its response brief, Old Republic does not assert a conflict among the laws of Texas, California, and Nevada. Doc. 11, Pl.'s Resp., 11. Old Republic argues for the first time in its reply that such a conflict exists because neither California nor Nevada has adopted the Texas Insurance Code, Nevada requires administrative exhaustion for insurance claims, and California does not have a private right of action for insurance claims. Doc. 13, Def.'s Reply, 5.

The Court agrees with Hall—Old Republic has failed to demonstrate that Texas law conflicts with California or Nevada law. The party seeking application of foreign law has the threshold burden of showing that the foreign law conflicts with the law of the forum state, which is Texas here. *Greenberg Traurig of N.Y., P.C. v. Moody*, 161 S.W.3d 56, 70 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *see also W.R. Grace & Co. v. Cont'l Cas. Co.*, 896 F.2d 865, 874 (5th Cir. 1990). That party must cite the conflicting law of the foreign forum "before undertaking a choice-of-law analysis so that the court can determine whether a true conflict of laws exists." *Hull & Co. v. Chandler*, 889 S.W.2d 513, 517 (Tex. App.— Houston [14th Dist.] 1994, writ denied). After all, there cannot be a conflict-of-laws analysis without a conflict. The conflict, though, must be "substantial." *Wallace*

*v. Conn. Gen. Life Ins. Co.*, 477 F.2d 680, 681 (5th Cir. 1973); *see also Sortiumusa LLC v. Hunger*, No. 3:11-CV-1656-M, 2013 WL 11730655, at *4 (N.D. Tex. Mar. 31, 2013) (proceeding to the choice-of-law analysis after determining that the laws contained "material differences"). For example, laws of different states may materially conflict when they contain different remedies. *Compaq Computer Corp. v. Lapray*, 135 S.W.3d 657, 677–80 (Tex. 2004). In sum, a party seeking application of a foreign law must present to the court a foreign law that substantially conflicts with the Texas law—simply asserting that Texas law does not apply is not enough. *Stanissis v. Dyncorp Int'l LLC*, No. 3:14-CV-2736-D, 2015 WL 1931417, at *7 (N.D. Tex. Apr. 29, 2015). If that party fails to demonstrate a conflict, then the court "presumes that any potentially applicable foreign law is the same as the law of Texas, and will apply Texas substantive law to [the] claims." *Id.*

Old Republic has not demonstrated that Texas law conflicts with that of California or Nevada. Old Republic made no mention of a conflict in its opening brief. In its reply brief, Old Republic says there is a conflict between Texas law and California and Nevada law because the Texas Insurance Code does not exist in California or Nevada. Doc. 13, Def.'s Reply, 5. But this name-only approach is too shallow. What matters when determining whether there is a conflict of laws is the laws' substance. *Compaq Computer Corp.*, 135 S.W.3d at 673. And it appears there is some substantive overlap here. Nevada, for example, has created a private right of action for at least a few of the acts Hall alleges violate the Texas Insurance Code. *Compare, e.g.*, Tex. Ins. Code § 541.060(a)(3) (requiring insurance companies "to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim"), *with* Nev. Rev. Stat. § 686A.310(1)(n) (requiring insurance companies "to provide promptly to an insured a reasonable explanation of the

basis in the insurance policy, with respect to the facts of the insured's claim and the applicable law, for the denial of the claim or for an offer to settle or compromise the claim").Notwithstanding their textual similarities, there may be material differences between the Texas Insurance Code and Nevada law. But Old Republic has not pointed them out. Instead, Old Republic says Nevada's insurance laws generally conflict with the Texas Insurance Code because Nevada requires administrative exhaustion. Doc. 13, Def.'s Reply, 5. But even assuming that is true, Old Republic fails to explain how Nevada's exhaustion requirement creates a substantive difference between Nevada and Texas law.

Old Republic also argues that California law conflicts with Texas law because California has not created a private right of action for its insurance code. *Id.* But Old Republic is not entirely correct; [p]rivate . . . actions under [California's Unfair Insurance Practices Act (UIPA)] are absolutely barred; a litigant may not rely on the proscriptions of section 790.03 as the basis for a [Unfair-Competition-Law (UCL)] claim." *Yanting Zhang v. Superior Court*, 304 P.3d 163, 177 (Cal. 2013). But "when insurers engage in conduct that violates both the UIPA and obligations imposed by other statutes or the common law, a UCL action may lie. The Legislature did not intend the UIPA to operate as a shield against any civil liability." *Id.* Hall's Texas-Insurance-Code claims may not work in California given this legal backdrop, but Old Republic has not explained why.

In summary, although there might be substantive differences between Texas law and that of California and Nevada, Old Republic has failed to identify and analyze them. Therefore, the Court presumes Texas substantive law applies to Hall's claims and accordingly **DENIES** Old Republic's motion to dismiss in this regard.

B.      *Title Insurance Under Texas Insurance Code § 542*

Old Republic seeks dismissal of Hall's claim under Texas Insurance Code § 542 because § 542 does not apply to title insurance policies like the ones at issue in this case. Doc. 9, Def.'s Br., 9. Hall argues that § 542 still applies because the title insurance policies here involve more than title insurance, namely Old Republic's duty to defend Hall against third party claims. Doc. 11, Pl.'s Resp., 14–17.

The Court agrees with Old Republic that Hall has not stated a claim under § 542 because the insurance policies here are for title insurance, to which § 542 does not apply. "As in any statutory construction case, '[the Court] start[s], of course, with the statutory text,' and proceed[s] from the understanding that '[u]nless otherwise defined, statutory terms are generally interpreted in accordance with their ordinary meaning.'" *Sebelius v. Cloer*, 569 U.S. 369, 376 (2013) (quoting *BP Am. Prod. Co. v. Burton*, 549 U.S. 84, 91 (2006)).

According to its plain language, § 542 "does not apply to . . . title insurance," so plaintiffs with a title insurance policy cannot bring claims thereunder. Tex. Ins. Code § 542.053(a)(3). So the only question is whether the policies here are title insurance policies. The Texas Insurance Code defines title insurance:

> (12) "Title insurance" means:
>
>> (A) insurance that insures, guarantees, or indemnifies an owner of real property, or another interested in the real property, against loss or damage resulting from:
>>> (i) a lien or encumbrance on or defect in the title to the real property; or
>>> (ii) the invalidity or impairment of a lien on the real property;
>
>> (B) personal property title insurance, as defined by Chapter 2751; or
>> (C) any business that is substantially equivalent to the insurance described by Paragraphs (A) and (B) and is conducted in a manner designed to evade the provisions of this title.

Tex. Ins. Code § 2501.003(12). The policies here are title insurance policies under the Texas Insurance Code's definition because they protect against "[a]ny defect in or lien or encumbrance in the [t]itle." Doc. 1, Compl., ¶ 19; *see also id.* ¶ 15. And Old Republic's duty to defend Hall is not distinct from the title coverage because the policies only require Old Republic to defend Hall against "claim[s] covered by [the policies]," or in other words, title-related claims. Doc. 10-1, Def.'s App., 34; *see also* Doc. 10-2, Def.'s App., 77. So the Court **DISMISSES with prejudice** Hall's claim under § 542.

## IV.

## CONCLUSION

For the reasons stated, the Court **GRANTS in part** and **DENIES in part** Old Republic's motion to dismiss. Doc. 8. The Court **DISMISSES** with prejudice Hall's claim under Texas Insurance Code § 542, but **DENIES** Old Republic's motion to dismiss in every other respect.

**SO ORDERED.**

**SIGNED:** June 14, 2018

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE